IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS HEARRING, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14-CV-871-NJR-DGW |
| ZACH ROECKEMAN and JOHN DOE, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now pending before the Court is Plaintiff Nicholas Hearring's Motion for an Order Waiving the Requirement to Exhaust filed on May 27, 2015 (Doc. 47). Specifically, Plaintiff seeks an order waiving the requirement to exhaust administrative remedies or, in the alternative, suspending this lawsuit pending exhaustion of administrative remedies. On May 27, 2015, Defendant Roeckeman filed his response to Plaintiff's Motion (Doc. 48). For the reasons set forth below, Plaintiff's Motion is denied.

## Background

On December 12, 2012, Plaintiff Nicholas Hearring, through counsel, filed this lawsuit in the Northern District of Illinois (Doc. 1). Plaintiff asserts, pursuant to 42 U.S.C. § 1983, that Defendants participated in a conspiracy to assault and batter him in violation of the Eighth and Fourteenth Amendments and Illinois state law. Plaintiff named Warden Zachary Roeckeman, a John Doe correctional officer, and the Illinois

Department of Corrections ("IDOC") as Defendants.

On August 6, 2014, this matter was transferred to this District (Doc. 32). On August 20, 2014, Defendants Roeckeman and the IDOC filed a Motion to Dismiss counts two, five, and six of the Complaint (Doc. 37). Plaintiff, who is represented by counsel, was given a response deadline of September 22, 2014, however, Plaintiff failed to file a response to Defendant's Motion. Accordingly, the undersigned construed Plaintiff's failure to respond as an admission of the merits of the Motion pursuant to Local Rule 7.1(c).[1] On February 25, 2015, this Court granted Defendants' Motion and dismissed counts two, five, and six with prejudice (Doc. 42). The Court also dismissed the IDOC as a Defendant, but noted that Warden Roeckeman would remain a named Defendant in this action only for the purpose of assisting in the identification of the John Doe defendant (*Id.*).

On February 25, 2015, Magistrate Judge Wilkerson entered a schedule to assist the parties in identifying the John Doe defendant (Doc. 43). Magistrate Judge Wilkerson's schedule required Plaintiff to provide to Defendant Roeckeman and **file with the Court** identifying information for John Doe by March 20, 2015 (*Id.*). Plaintiff was further instructed to file a motion to amend the complaint naming John Doe by May 15, 2015 (*Id.*).

Again, Plaintiff failed to respond. On May 7, 2015, Magistrate Judge Wilkerson ordered Plaintiff to show cause explaining why the case should not be dismissed for failure to prosecute (Doc. 45). Plaintiff responded to the Show Cause Order on May 13,

---

[1] Local Rule 7.1 provides that "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

2015 (Doc. 46). Plaintiff stated that while he was in prison, he was unable to disclose who injured him and unable to file an administrative action because the guard who injured him threatened to repeat the attack (Doc. 46).

Also on May 13, 2015, Plaintiff filed the Motion now before the Court, seeking an order waiving the requirement to exhaust administrative remedies, or in the alternative, suspending this action pending exhaustion of administrative remedies (Doc. 47). Defendant Roeckeman filed his response to Plaintiff's Motion on May 27, 2015, asserting that, pursuant to the Prison Litigation Reform Act, exhaustion of administrative remedies is mandatory and such requirement cannot be "waived" (Doc. 48). Defendant further argues that, not only has Plaintiff failed to properly amend his Complaint in compliance with the Court's February 25 Order, but any attempt to amend would be futile because the statute of limitations period for this matter has expired. As such, Defendant asks the Court to deny Plaintiff's Motion and dismiss this case.

## Discussion

Prisoner lawsuits are governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C § 1997e. The PLRA requires that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until … administrative remedies as are available are exhausted." 42 U.S.C.1997e(a) (2013). Exhaustion is a condition precedent to suit in federal court, so the inmate must exhaust before he commences his federal litigation. *See Perez v. Wisconsin Department of Corr.,* 182 F.3d 532, 535 (7th Cir. 1999); *Dixon v. Page,* 291 F.3d 485, 488 (7th Cir. 2002). The purpose of the exhaustion

requirement is two-fold. First, it gives the prison officials the chance to address the prisoner's claims internally, before any litigation becomes necessary. *Kaba v. Stepp,* 458 F.3d 678, 684 (7th Cir. 2006); *Woodford v. Ngo,* 548 U.S. 81, 89–90 (2006). Second, it "seeks to reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle,* 534 U.S. 516, 524 (2002); s*ee also Booth v. Churner,* 532 U.S. 731, 737 (2001).

Plaintiff's request to waive the exhaustion requirement cannot be entertained. As argued by Defendant, "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted). Accordingly, it is clear that this Court cannot "waive" such a requirement. Plaintiff's arguments concerning his inability to exhaust and the "unavailability" of the remedy process are more suited for a response to a motion for summary judgment on the issue of exhaustion. Accordingly, insofar as Plaintiff asks the Court to waive his exhaustion requirement or stay this matter until he is able to exhaust, his request is denied.

The Court does not find, however, that this matter should be dismissed due to Plaintiff's failure to timely file an amended complaint. While the Court is mindful of Defendant's argument concerning the statute of limitations, it is premature to determine, at this juncture, that any amendment is futile.

## Conclusion

For these reasons, Plaintiff's Motion for an Order Waiving the Requirement to Exhaust (Doc. 47) is **DENIED**. Plaintiff is **GRANTED LEAVE** to file an amended complaint by **August 31, 2015**. Plaintiff is **WARNED** that his failure to timely file an

amended complaint will result in dismissal.

**IT IS SO ORDERED.**

**DATED:   August 17, 2015**

                                                     **s/ Nancy J. Rosenstengel**
                                                     **NANCY J. ROSENSTENGEL**
                                                     **United States District Judge**