IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS HEARRING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-871-NJR-DGW |
| ) | |
| JOHN DOE and ZACH ROECKEMEN, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on whether this matter should be dismissed for Plaintiff's failure to prosecute. For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

This action was filed by Attorney Naderh Hana Elrabadi on behalf of Plaintiff on December 12, 2012 in the Northern District of Illinois alleging Defendants, John Doe, IDOC, and Warden Zach Roeckeman participated in a conspiracy to assault and batter Plaintiff.

This case was transferred to this District on August 7, 2014, and District Judge Nancy J. Rosenstengel issued an order granting Defendant Roeckman and the Illinois Department of Correction's motion to dismiss on February 25, 2015 (Doc. 42). Judge Rosenstengel, however, indicated that Defendant Roeckeman would remain a named defendant only for the purpose of

identifying John Doe.

Pursuant to Judge Rosenstengel's Order, this Court entered a schedule to assist the parties in identifying and naming the John Doe defendant in a timely manner. Plaintiff was directed to provide Defendant Roeckeman, and the Court, with identifying information for John Doe by March 20, 2015 (Doc. 43). On May 1, 2015, Defendant Roeckeman notified the Court that he was unable to ascertain the identity of John Doe as Plaintiff's attorney had not contacted him, nor provided the required information with the Court (Doc. 44).

Due to Plaintiff's failure to comply with the Court's Order, the undersigned entered a Show Cause Order on May 7, 2015 (Doc. 45). Plaintiff filed a timely response to the Show Cause Order as well as a "motion to waive requirement of exhausting administrative remedies, or in the alternative, suspending this action pending exhaustion of administrative remedies" (Docs. 46 and 47). In these motions, Plaintiff indicated that he had intended to file a motion to amend by May 15, 2015 and asked the Court to waive the exhaustion requirement as it was discovered that Plaintiff had not exhausted his administrative remedies prior to filing this lawsuit. Judge Rosenstengel denied Plaintiff's motion, but granted Plaintiff leave to file an amended complaint by August 31, 2015 (Doc. 52). Plaintiff was warned that his failure to timely file an amended complaint would result in dismissal of the lawsuit (*id.*). No such motion was filed by the August 31, 2015 deadline.

On October 27, 2015, Attorney Elrabadi was notified via email that she had not yet been admitted to this Court and if an application for general admission or a motion to appear *pro hac vice* was not filed by October 30, 2015, her CM/ECF notice would be turned off (*see* Exhibit A, p. 2). Attorney Elrabadi responded on October 28, 2015 indicating she was confused (*see id.*) and,

on October 29, 2015, Attorney Elrabadi telephoned the clerk's office and explained that she did not know what to do to register and she was referred to the attorney admission procedures on this District's website and told she needed to file a motion to appear *pro hac vice*. Attorney Elrabadi did not apply for general admission nor did she file a motion to appear *pro hac vice*[1].

In response to another email concerning the ongoing registration issues, Attorney Elrabadi notified the clerk of court via email on December 31, 2015 that her firm was fired by Plaintiff Nicholas Hearring (*see* Exhibit A, p. 1). No motion to withdraw or any other notice was filed with the Court concerning Attorney Elrabadi's termination from this matter by Plaintiff.

On January 6, 2016, the Court held a show cause hearing wherein Attorney Naderh Hana Elrabadi appeared on behalf of Plaintiff[2] and Attorney Terra Peach appeared on behalf of Defendant Roeckeman. Attorney Elrabadi was advised of the issues set forth above and was given leave to seek to withdraw from this matter until January 13, 2016 based on her representation that Plaintiff had terminated her firm (*see* Doc. 55). Instead of filing a motion to withdraw, however, Plaintiff filed a motion to amend the complaint (Doc. 57), explaining that Plaintiff had reconsidered his decision to terminate Attorney Elrabadi. The motion to amend was stricken as Attorney Elrabadi has not properly registered with this Court and Local Rule 83.1(e) prescribes that "pleadings or other documents submitted by a party who is not represented by a member of the bar of this Court shall not be accepted by the Clerk of Court." As an aside, the

---

[1] The Court notes that it declined to turn Attorney Elrabadi's notification off solely to ensure she was properly advised of Court filings in this case that required a response (i.e. the Court's show cause orders at Docs. 53 and 54), which does not excuse Attorney Elrabadi's obligation to seek admission to this Court.

[2] Attorney Elrabadi was advised that the Show Cause hearing was to be held in the East St. Louis Courthouse; however, Attorney Elrabadi appeared at the Benton Courthouse. The Court accommodated Ms. Elrabadi by allowing her to participate via videoconference.

Court finds Plaintiff's motion to amend was filed out of time and did not properly comply with Local Rule 15.1(a), which prescribes that "[a] proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed."

As it stands, this matter has been pending since December 12, 2012, and has been on this Court's docket since August 7, 2014 (*see* Doc. 33). Despite the fact that this matter has been pending in this District for approximately seventeen months, Plaintiff has failed to take any action with regard to naming the John Doe defendant (the only remaining defendant against whom Plaintiff has a claim) so this matter can proceed and the Court can enter a scheduling and discovery order.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of an action for failure to prosecute an action or to comply with court orders. Pursuant to Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. Of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted). The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Though dismissal is left up to the discretion of District Courts, said Courts are strongly

encouraged to provide an explicit warning before a case is dismissed; especially where the litigant is *pro se*. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006); *see also In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

Based on a review of the record and upon consideration of the applicable law, it is recommended that this action should be dismissed for failure to prosecute. First, Plaintiff, through counsel, has exhibited disregard for court orders. In particular, Plaintiff was ordered to file with the Court identifying information of the John Doe defendant by March 20, 2015 (*see* Doc. 43). No such notice regarding any identifying information was ever filed. Plaintiff was then ordered to file an amended complaint naming the John Doe defendant by August 31, 2015 (*see* Doc. 52). No such amended complaint was filed despite the Court's admonition that this matter would be dismissed for said failure. As it stands, this matter has been pending for more than three years and Plaintiff has failed to identify the only defendant against whom Plaintiff has a pending claim. Second, Attorney Elrabadi has shown disregard for the Court rules concerning admission and registration. Attorney Elrabadi was notified of her obligation to either receive general admittance or admittance by way of filing a motion to appear *pro hac vice* in order to practice in this district and enroll in CM/ECF. Although the Court acknowledges that Attorney Elrabadi believed she was registered with the Court as she received notice of filings and was able to file documents, any such confusion was addressed by the clerk's email on October 29, 2015, which stated, in no uncertain terms "[Ms. Elrabadi] will need to file a Motion to Appear Pro Hac Vice or apply for General Admission before 4:00 tomorrow or your notice will be turned off. I will again refer you to the letter that was sent to you over a year ago regarding admission to our court" (*see* Exhibit A). Attorney Elrabadi has not yet sought general admission, nor filed a motion to appear

*pro hac vice* as of the date of this filing. Further, Attorney Elrabadi's failure to follow the rules of this Court was again evident in her recent filing seeking to amend Plaintiff's complaint as said filing was not accompanied by a proposed amended pleading, as required by Local Rule 15.1.

Finally, the Court notes that there are apparent exhaustion issues (*see* Doc. 47) in this case and, as this matter relates to events occurring on or about December 12, 2011, there are possible statute of limitations issues.

For the above-mentioned reasons and after consideration of the relevant factors cited by the Seventh Circuit regarding involuntary dismissal, the Court finds that there has been a clear record of delay in this matter and dismissal is warranted pursuant to Rule 41(b).

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** for want of prosecution.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 15, 2016**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**