IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS HEARRING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:14-CV-871-NJR-DGW |
| | ) |
| JOHN DOE and ZACH ROECKEMEN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 59), which recommends that this Court dismiss this action in its entirety for Plaintiff's failure to prosecute. The Report and Recommendation was filed on January 15, 2016. No objections have been filed.

This action was filed by Attorney Naderh Hana Elrabadi on behalf of Plaintiff on December 12, 2012, in the Northern District of Illinois alleging Defendants, John Doe, Illinois Department of Corrections ("IDOC"), and Warden Zach Roeckeman participated in a conspiracy to assault and batter Plaintiff. The case was transferred to this District on August 7, 2014, and the undersigned issued an order granting Defendant Roeckeman and IDOC's motion to dismiss on February 25, 2015 (Doc. 42). Defendant Roeckeman remained a named defendant only for the purpose of identifying John Doe.

A schedule was entered to assist the parties in identifying and naming John Doe

defendant in a timely manner. After the Court was notified that neither Plaintiff nor Plaintiff's counsel had contacted Defendant Roeckeman to identify Defendant John Doe, a Show Cause Order was entered on May 7, 2015 (Doc. 45). Plaintiff timely answered the Show Cause Order (Doc. 46). Plaintiff was then granted leave to file an amended complaint and was warned that his failure to timely file the amended complaint would result in dismissal of the lawsuit (Doc. 52). Plaintiff did not file his amended complaint by the set deadline, August 31, 2015.

Due to several issues with Plaintiff's counsel, a show cause hearing was held on January 6, 2016, in which she informed the Court that Plaintiff had terminated her firm. Plaintiff's counsel was given until January 13, 2016 to seek withdraw (*See* Doc. 55). Instead of filing a motion to withdraw, counsel filed a motion to amend the complaint (Doc. 57), stating that Plaintiff had reconsidered his decision to terminate her firm. The motion to amend was stricken because Plaintiff's counsel has not properly registered with this Court, and Local Rule 83.1 (e) prescribes that "pleadings or other documents submitted by a party who is not represented by a member of the bar of this Court shall not be accepted by the Clerk of the Court." The Report and Recommendation recommending that this matter be dismissed for failure to prosecute was then filed.

Where timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 291, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not

conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Magistrate Judge Wilkerson's Report and Recommendation. Magistrate Judge Wilkerson thoroughly discussed the evidence, and the Court fully agrees with his findings, analysis, and conclusions with respect to the issue of failure to prosecute. Accordingly, the Court finds that there has been a clear record of delay in this matter and dismissal is warranted pursuant to Federal Rule of Civil Procedure 41(b).

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 59). This case is **DISMISSED with prejudice** for failure to prosecute. The Clerk is **DIRECTED** to enter judgment accordingly.

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421,

424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–

20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED:   February 8, 2016**

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**